Samuel Reben PURCHASE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00410–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 2002.

Rehearing Overruled Sept. 6, 2002.

Charles Freeman, Houston, for Appellant.

Eric Kugler, Asst. Dist. Atty., of Harris County, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices NUCHIA and RADACK.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

A jury found appellant, Samuel Reben Purchase, guilty of felony theft and assessed his punishment at four years probation. The court included a 60 day stay in county jail as one of the conditions of probation. Appellant raises four issues on appeal related to his competency to stand trial. We affirm.

## Background

Appellant opened an account under an assumed name with the Southwest Resource Credit Union in Baytown. Ten checks with a face value of over $44,000 were deposited into the account and over $40,000 was withdrawn during the 13 days the account was open. The checks were later shown to be counterfeit. Appellant was identified as the person who opened the account and made the transactions.

At trial, where the Honorable J.E. Blackburn presided, no request was made for a competency inquiry. After being convicted and sentenced, appellant filed a motion for new trial alleging that he had been legally incompetent to stand trial and that his counsel was ineffective. The Honorable Jay Burnett presided at the hearing on the motion. Appellant presented six witnesses, and appellant's trial counsel, who was then off the case, testified for the State. The court denied the motion.

## Lack of Competency Inquiry and Denial of Motion for New Trial

In his first issue, appellant contends that the court erred by failing to conduct a retrospective hearing to determine whether there was evidence to support a finding that appellant was not competent to stand trial. He asks us to abate his appeal and remand the cause to the trial court for a retrospective determination of his competency to stand trial. Appellant, in his related second issue, contends the trial court erred by denying his motion for a new trial because he demonstrated he was incompetent to stand trial.

A defendant's due process right to a fair trial prevents the State from subjecting a person to trial when that person's "mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). A trial court must make inquiry into a criminal defendant's mental competence once the issue is sufficiently raised. *Alcott v. State*, 51 S.W.3d 596, 598–99 (Tex.Crim.App.2001) (citing *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966)).

A defendant is presumed competent to stand trial. TEX.CODE CRIM. PROC.

ANN. art. 46.02, sec. 1A(b) (Vernon Supp. 2002). Article 46.02, section 2, states how the issue of incompetency to stand trial can be raised:

(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

TEX.CODE CRIM. PROC. ANN. art. 46.02, sec. 2(b) (Vernon 1979). Section 2(b) was adopted by the Legislature in order to adequately guard the right to a fair trial where evidence of the defendant's incompetence is raised *during* trial. *Alcott,* 51 S.W.3d at 599 (emphasis in original). A trial court must conduct a competency inquiry *sua sponte* if evidence is presented at trial that raises a *bona fide* doubt as to the defendant's competency. *Alcott,* 51 S.W.3d at 601.

■ Competency to stand trial can also be challenged in a motion for new trial. *Edwards v. State,* 993 S.W.2d 171, 175–76 (Tex.App.-El Paso 1999, pet. ref'd); *Brown v. State,* 960 S.W.2d 772, 779 (Tex. App.-Dallas 1997, pet. ref'd); *cf. Ex parte Yarborough,* 607 S.W.2d 565, 566 (Tex. Crim.App.1980) (holding competency can be raised for the first time by post-trial writ of habeas corpus). When competency is challenged in a motion for new trial, the trial court does not look to see whether the evidence raises a *bona fide* doubt as to competence, but applies the normal standard used in deciding a motion for new trial under which the trial court considers all the evidence presented, judges the credibility of witnesses, and resolves conflicts in the evidence. *Edwards,* 993 S.W.2d at 176; *Brown,* 960 S.W.2d at 778.

■ Appellant does not point to any evidence presented during trial that he contends should have raised a *bona fide* doubt about his competency to stand trial. All of appellant's evidence was presented at the hearing on the motion for new trial. Thus, we are not called on to review the court's implicit decision not to conduct a competency inquiry *sua sponte* during trial, but we will review the trial court's denial of the motion for new trial. *See Brown,* 960 S.W.2d at 775–76, 778.

■ Whether to grant or deny a motion for new trial is a decision within the sound discretion of the trial court. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex. Crim.App.1993); *State v. Reynolds,* 893 S.W.2d 156, 159 (Tex.App.-Houston [1st Dist.] 1995, no pet.). We review the trial court's decision for an abuse of discretion. *Edwards,* 993 S.W.2d at 176; *Brown,* 960 S.W.2d at 778. A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995); *Brown,* 960 S.W.2d at 778.

■ At the hearing, Dr. Rukshan Azhar, appellant's psychiatrist, testified she had diagnosed appellant in January 1999 with a condition called "adjustment disorder with depressed mood and anxiety symptoms." Dr. Azhar prescribed an antidepressant for the condition. Appellant testified that he was not taking his medication during the March 1–5, 1999 trial. According to Dr. Azhar, a failure to take medication would have affected appellant's

mental state and his ability to communicate with his attorney, but Dr. Azhar did not know whether appellant was legally incompetent at the trial because she did not examine appellant during that time.

Appellant testified that he was unable to assist his lawyer in developing a defense. Conversely, Theodore Haynes, Jr., appellant's counsel at trial, testified that appellant never had any problems consulting with him, and he never believed that appellant was incompetent to stand trial. Also, Haynes testified that appellant's prior trial counsel, Mark Lipkin, did not express any concerns to him when Haynes took over the representation. Haynes testified he did not know that appellant was seeing a doctor or was taking medication.

Faced with conflicting testimony regarding appellant's mental condition, the trial court, as finder of fact at the hearing, was entitled to assess the credibility of witnesses and believe or disbelieve any testimony presented. *Russell v. State*, 711 S.W.2d 114, 116 (Tex.App.-Houston [14th Dist.] 1986, pet. ref'd); *see Lewis*, 911 S.W.2d at 7. Because the evidence regarding appellant's competency conflicts, the trial court did not abuse its discretion when it denied the motion for new trial. *Brown*, 960 S.W.2d at 780; *see Lewis*, 911 S.W.2d at 7; *Russell*, 711 S.W.2d at 116.

We overrule appellant's first and second issues.

### Ineffective Assistance of Counsel

In his third issue, appellant contends that his trial counsel rendered ineffective assistance because counsel failed to ask appellant about his psychiatric history. We apply the usual *Strickland* standard of review, requiring that appellant show both deficient performance by counsel and prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Thompson v.* *State*, 9 S.W.3d 808, 812–13 (Tex.Crim. App.1999). We examine the totality of the counsel's representation to determine whether appellant received effective assistance. *Thompson*, 9 S.W.3d at 813. There is a strong presumption that the counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2064.

Appellant relies on *Jackson v. State* for his claim that counsel's failure to investigate his mental competency resulted in ineffective assistance. 857 S.W.2d 678 (Tex.App.-Houston (14th Dist.) 1993, pet. ref'd). In *Jackson*, the court listed six factors that combined to demonstrate counsel's ineffectiveness: (1) counsel knew Jackson was receiving disability payments from the State, but failed to investigate why; (2) counsel knew Jackson "lacked understanding" about the proceedings, but failed to have her tested, or to ask for a competency hearing; (3) counsel knew of, but failed to inquire about, over $1,000 in Jackson's purse (money that was actually proceeds from disability checks); (4) counsel failed to investigate any defenses or mitigating evidence; (5) counsel failed to object to the admission of extraneous and inflammatory evidence; and (6) counsel called a witness who provided damaging testimony about possible child abuse. *Id.* at 683.

Here, appellant's only complaint is that counsel failed to investigate his psychiatric condition. Unlike in *Jackson*, there is no evidence that counsel knew of factors, such as disability payments or a lack of understanding about trial proceedings, that might have prompted further investigation into appellant's competency. To the contrary, trial counsel Haynes testified that appellant appeared competent, and Haynes was not informed that appellant was on medication and under a psychiatrist's care. In order to find that appellant received

ineffective assistance, we would have to hold that counsel must *always* ask a defendant about his psychiatric history, even when there are no indicators of possible incompetency. Appellant presents no authority to support such a holding, and we will not now begin creating a list of mandatory questions that must be asked of defendants regardless of the circumstances surrounding the legal representation.

We overrule appellant's third point of error.

### Constitutionality of *Alcott*

In his fourth and final issue, appellant asks us to hold that the Court of Criminal Appeals fashioned an unconstitutionally vague construction of Code of Criminal Procedure article 46.02, section 2(b) in its *Alcott* decision. As an intermediate court of appeals we are bound by the decisions of our state's highest criminal court. *State v. Sanchez*, 925 S.W.2d 371, 372 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). Thus, we are not authorized to address whether *Alcott* was correctly decided as appellant requests.

We overrule appellant's fourth issue.

We affirm the judgment.