COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-171-CR
 
VENCE LAMOR THOMPSON                                                                 APPELLANT
V.
THE STATE OF TEXAS                                                                         STATE
------------
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Vence Lamor Thompson pleaded not guilty to the offenses of
aggravated sexual assault of a child and indecency with a child. The trial court
found him guilty of both offenses and sentenced him to 25 years' and 20 years'
confinement, respectively, and ordered the sentences to run concurrently. In a
single issue on appeal, Thompson contends that the evidence is factually
insufficient to support the judgment. We will affirm.
In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Evidence is factually insufficient if it is so weak as to be clearly
wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23
S.W.3d at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the judgment, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due
deference to the fact finder's determinations. Id. at 8-9;
Clewis, 922 S.W.2d at 136.
Consequently, we may find the evidence factually insufficient only where
necessary to prevent manifest injustice. Johnson, 23
S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).
The complainant testified that when she was about twelve years old
Thompson, who was then her mother's boyfriend, sexually abused her on a number
of occasions. According to the complainant, Thompson told her he wanted to make
a woman out of her and that he wanted to be her first. The complainant's mother
married Thompson and the complainant testified that the sexual abuse stopped.
However, the couple later separated. When the complainant's mother told
the complainant that they were going to return to live with Thompson, the
complainant informed her mother that Thompson had been "messing" with
her. A caseworker at the Salvation Army advised the complainant's mother that
she must report the abuse, but the complainant's mother refused. The caseworker
reported the information and Thompson was charged with the crimes at issue here.
Thompson concedes that the specific evidence regarding these "touchings"
"may be" legally sufficient to support his conviction for aggravated
sexual assault and indecency with a child, but argues that the inconsistencies
in the complainant's story undermined her testimony to such an extent that the
evidence supporting the judgment against him is so weak as to be clearly wrong
and manifestly unjust. Specifically, Thompson points out that most of the "touchings"
occurred at the complainant's apartment while the complainant's mother was at
home, yet the complainant's mother testified she never saw or heard any of these
occurrences. Thompson also points out the lack of eyewitnesses to corroborate
the complainant's story and the fact that no one heard the complainant cry out,
as she testified she did, during one of the assaults at a hotel.  As the
finder of fact, the trial court was free to resolve the inconsistencies in the
evidence against Thompson.  See, e.g., Purchase v. State, 84
S.W.3d 696, 700 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd).  Our neutral review of all the evidence simply does not
demonstrate that the proof of guilt is so weak as to undermine confidence in the
judgment, or is greatly outweighed by contrary proof. Consequently, we defer to
the fact finder's determinations. Johnson, 23 S.W.3d at 9,
12. We overrule Thompson's sole issue and affirm the trial court's judgment.
 
                                                                        SUE
WALKER
                                                                        JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 17, 2003

1. See Tex. R. App. P. 47.4.