Vence Lamor Thompson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-171-CR

VENCE LAMOR THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Vence Lamor Thompson pleaded not guilty to the offenses of aggravated sexual assault of a child and indecency with a child.  The trial court found him guilty of both offenses and sentenced him to 25 years’ and 20 years’ confinement, respectively, and ordered the sentences to run concurrently.  In a single issue on appeal, Thompson contends that the evidence is factually insufficient to support the judgment.  We will affirm.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
judgment, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

The complainant testified that when she was about twelve years old Thompson, who was then her mother’s boyfriend, sexually abused her on a number of occasions.  According to the complainant, Thompson told her he wanted to make a woman out of her and that he wanted to be her first.  The complainant’s mother married Thompson and the complainant testified that the sexual abuse stopped.

However, the couple later separated.  When the complainant’s mother told the complainant that they were going to return to live with Thompson, the complainant informed her mother that Thompson had been “messing” with her. A caseworker at the Salvation Army advised the complainant’s mother that she must report the abuse, but the complainant’s mother refused.  The caseworker reported the information and Thompson was charged with the crimes at issue here.

Thompson concedes that the specific evidence regarding these “touchings” “may be” legally sufficient to support his conviction for aggravated sexual assault and indecency with a child, but argues that the inconsistencies in the complainant’s story undermined her testimony to such an extent that 
the evidence supporting the judgment against him is so weak as to be clearly wrong and manifestly unjust.  Specifically, Thompson points out that most of the “touchings” occurred at the complainant’s apartment while the complainant’s mother was at home, yet the complainant’s mother testified she never saw or heard any of these occurrences.  Thompson also points out the lack of eyewitnesses to corroborate the complainant’s story and the fact that no one heard the complainant cry out, as she testified she did, during one of the assaults at a hotel.  As the finder of fact, the trial court was free to resolve the inconsistencies in the evidence against Thompson.  
See, e.g., Purchase v. State
, 84 S.W.3d 696, 700 
(Tex. App.—Houston [1
st
 Dist.] 2002, pet. ref’d). Our neutral review of all the evidence simply does not demonstrate that the proof of guilt is so weak as to undermine confidence in the 
judgment, or is greatly outweighed by contrary proof.  Consequently, we defer to the f
act finder’s determinations.  
Johnson
, 23 S.W.3d at 9, 12
.  We overrule Thompson’s sole issue and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.