# NO. 12-09-00129-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD RAY BRONSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Donald Ray Bronson appeals his conviction for three counts of aggravated sexual assault and one count of sexual assault. In two issues, Appellant argues that the trial court erred in not inquiring into his competence to stand trial at the time it accepted his plea, and that the trial court abused its discretion in overruling his motion for new trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with three counts of aggravated sexual assault and one count of sexual assault. Prior to trial, Appellant's attorney filed a motion for a reduction of bond that included a suggestion that Appellant was incompetent to stand trial and a request that an expert be appointed to examine Appellant. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004(c), 46B.005 (Vernon 2006). A hearing was held on Appellant's motions for a lower bond and appointment of an expert on January 3, 2008. The State did not object to an examination, and the trial court appointed a doctor to examine Appellant.

Dr. Joseph Kartye examined Appellant and concluded that he was competent to stand

trial.  In his report, Dr. Kartye wrote that Appellant previously had a brain tumor that had been surgically removed.  He also noted that Appellant had a history of seizures and concluded that he had some form of epilepsy.  He noted that Appellant took anticonvulsant medication.  Appellant denied to Dr. Kartye that he had any recollection of the sexual assaults he was accused of committing.  Dr. Kartye reached no conclusion as to whether Appellant was telling the truth about not remembering the sexual assaults.

On September 9, 2008, Appellant pleaded no contest to the charges against him.  The trial court inquired about any medication Appellant was taking and about his state of mind generally.  Appellant reported that he had a reaction to the medication that he had been taking and that he was not taking it at that time.  He said that not taking the medication did not affect his ability to understand the proceedings.  When asked if he knew what he was doing when he committed these crimes, Appellant at first said, "No."  However, after consulting with his attorney he said, "Yes, sir, I was," and went on to explain that he was working and "living a normal-day life" at that time.  When asked again, he said that he did not know what he was doing when he committed the offenses.  He explained, "I have blackout seizures.  I didn't understand what I was doing."  The court pressed further, and Appellant testified that he was not claiming he was insane at the time of the offense or that his actions were involuntary.  The trial court admonished Appellant as to the seriousness of the charges and the rights he was giving up by pleading no contest.  Appellant persisted in his plea of no contest, and the trial court accepted his plea.

The trial court held a sentencing hearing on March 3, 2009.  At that hearing, the court realized that the parties had incorrectly identified the offense level for one of the charged offenses.  Appellant was charged with three first degree felonies and one second degree felony.  The parties had assumed that four first degree felonies were alleged, and the trial court had given admonishments on that basis.  After realizing the mistake, the trial court admonished Appellant of his constitutional rights and accepted another plea of no contest to the fourth count.  Thereafter, the trial court assessed punishment at imprisonment for thirty years on each of the first degree counts and for twenty years on the second degree count.  The court ordered the sentences to be served consecutively.

On April 2, 2009, Appellant filed a motion for new trial.  In that motion he asserted that his "mental state rendered him incapable of understanding the waiver of Jury Trial and waiver of

appeal" and that his mental health had "become worse since sentencing." As evidence of the latter assertion, the motion referenced a letter that Appellant had written to his attorney.[1]

The trial court conducted a hearing on April 20, 2009 on Appellant's motion for new trial. That same day, Appellant's counsel filed a motion suggesting that Appellant was incompetent and requesting that an expert be appointed to examine him. At the hearing, Appellant testified that he had trouble remembering the plea hearing and that he had started taking medicine after he was transferred to a prison facility. The State called the probation officer who met with Appellant after his initial plea hearing to prepare a presentence investigation report. The officer testified that Appellant appeared to be rational in several meetings she held with him, was able to answer her questions, and that he appeared to understand what was happening. She also testified that she was present at the sentencing hearing and that Appellant appeared to understand what was transpiring.

At the conclusion of the hearing, the trial court overruled Appellant's motions for new trial and for a competency examination. This appeal followed.

## PLEA HEARING

In his first issue, Appellant argues that the trial court erred in accepting his plea of no contest without making further inquiry into his competency to stand trial.

### Applicable Law and Standard of Review

A person is incompetent to stand trial if he lacks (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003 (Vernon 2006). Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(a). If the trial court has a bona fide doubt as to the competency of the defendant, the court shall conduct an informal inquiry to determine if there is evidence that would support a finding of incompetence. *Id*., art. 46B.004(c); *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). A bona fide doubt may exist if the defendant exhibits truly

---

[1] The letter is not in the clerk's record and was not attached to Appellant's motion for new trial. Appellant offered a handwritten letter at the hearing on the motion for new trial.

bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation. *Montoya*, 291 S.W.3d at 425. If, after an informal inquiry, the trial court determines that evidence exists to support a finding of incompetency, the trial court is required to order an examination of the defendant. TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (Vernon 2006).

We review a trial court's decision not to conduct an informal competency inquiry under an abuse of discretion standard. *See Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). If a trial court conducts an informal inquiry into a defendant's competence to stand trial, we review the adequacy of that inquiry for an abuse of discretion. *See Luna v. State*, 268 S.W.3d 594, 600 (Tex. Crim. App. 2008). A defendant is presumed competent to stand trial, but that presumption may be overcome by a preponderance of the evidence to the contrary. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.003(b).

## Analysis

Appellant contends that evidence suggesting he may have been incompetent was presented when he told the court at the plea hearing that he was not taking his medication. At the time Appellant told the trial court he was not taking his medication, the court knew that Appellant had been examined by an expert and found to be competent. Appellant had told the expert that he was taking anticonvulsant medication.

The court did not ignore the new information. Instead, the court asked Appellant a series of questions about his understanding of the proceedings and his understanding of the crimes he was charged with committing. Additionally, Appellant's counsel indicated that he did not wish to pursue an insanity defense or argue that Appellant's actions were involuntary. Although he initially stated that he did not know what he was doing when he committed the charged offenses, Appellant did not otherwise make any statements or commit any acts that suggested he had a severe mental illness or was mentally challenged, nor did he engage in any "truly bizarre acts." *See McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003).

Appellant's statement that he was not taking his medication, in light of the competency evaluation completed prior to his plea hearing, caused the trial court to make an inquiry as to his

state of mind.  This is precisely the adjustable inquiry that the statutory scheme anticipates.[2]  The trial court responded appropriately to the information before it by satisfying any concerns that were raised, and we hold that the trial court did not abuse its discretion by ending the inquiry after being satisfied that there was no evidence to support a finding of incompetency.  We overrule Appellant's first issue.


## MOTION FOR NEW TRIAL

In his second issue, Appellant argues that the trial court erred in overruling his motion for new trial and denying his request for a postconviction competency evaluation.

### Applicable Law and Standard of Review

Motions for new trial may be granted for a number of reasons, including in the interest of justice.  TEX. R. APP. P. 21.3; *State v. Aguilera*, 165 S.W.3d 695, 698 n.9 (Tex. Crim. App. 2005) (citing *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993)).  A convicted person may raise the issue of competency to stand trial in a motion for new trial and may present evidence developed after trial in support of that motion.  *See Brown v. State*, 960 S.W.2d 772, 778 (Tex. App.–Dallas 1997, pet. ref'd).[3]  We evaluate a trial court's decision to deny a motion for new trial for an abuse of discretion.  *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).  In reviewing the record to determine whether sufficient evidence is raised to create a bona fide doubt about a defendant's competency to stand trial, we must "afford almost total deference to a trial court's determination of the historical facts that the record supports[,] especially when the trial court's fact findings are based on an evaluation of credibility and

---

[2] In *Smallwood v. State*, 296 S.W.3d 729, 737 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (Sullivan, J., concurring), Justice Sullivan offers a list of twenty questions that he suggests trial court judges ask when confronted with a defendant who may be incompetent.  We agree with Justice Sullivan that more probing questioning would be helpful in cases where there is more evidence that the person was incompetent.  *Id*.  In this case, most of those questions had been asked of Appellant during his competency examination, and the trial court had the opportunity to observe Appellant testify both before and after the competency examination.

[3] This court has held that the general standard of review for a motion for new trial applies to postconviction proceedings when the issue of competency is raised.  *See Beltran v. State*, No. 12-06-00390-CR, 2007 Tex. App. LEXIS 9337, at *3-4 (Tex. App.–Tyler Nov. 30, 2007, pet. ref'd) (mem. op., not designated for publication).  Citing *Lassiter v. State*, 283 S.W.3d 909, 925–26 (Tex. App.–Beaumont 2009, pet. ref'd), Appellant asks this court to reconsider *Beltran* and argues that there was a bona fide doubt as to Appellant's competency and the trial court should have ordered an examination.  We note that the relevant statutes are prospective in terms of their reference to a person's being incompetent for an upcoming trial.  *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004, 46B.005.  Even so, we need not reach this issue because, as we explain in the decision, the trial court did not err under the standard Appellant proposes.

demeanor." *McDaniel*, 98 S.W.3d at 713 n.28.

**Analysis**

The trial court held a hearing on Appellant's motion for new trial. The court ordered the hearing, at least in part, because Appellant's counsel alluded to a letter he had received from Appellant in the motion for new trial. The letter was not attached to the motion, and the court asked about it at the hearing.

Both the State and Appellant presented evidence at the hearing. Appellant presented his own testimony as well as the letter referenced in his motion. The letter is to his attorney and is a rambling request for assistance in which he says that he needs to talk to his counsel and that someone is trying to hurt him. The State presented the testimony of the probation officer who prepared the presentence report.

The trial court, by allowing this inquiry, essentially duplicated the informal inquiry practice required by article 46B.004(c). The court did not go further and order an examination as provided for by article 46B.005(a). But it is not clear that the trial court was in a position to do so. Article 46B.005 is prospective in nature, allowing the trial court to order an examination to determine whether the "defendant is incompetent to stand trial."[4] *Id.* The statute does not specifically provide for an examination to determine if a convicted person had been incompetent to stand trial, and the logistics of such a procedure would be complicated because a trial court maintains jurisdiction on a motion for new trial only for seventy-five days after the conclusion of the sentencing hearing. *See* TEX. R. APP. P. 21.8(a). Even if article 46B.005 did apply, however, the trial court's decisions not to order an examination and to overrule Appellant's motion for new trial are supported by the record.

The expert who evaluated Appellant prior to his plea wrote in his report that Appellant reported he had "blacked out" during the commission of the charged offenses. The expert noted that Appellant appeared to be concerned about his lack of recollection, but that the examiner could not make a determination as to whether Appellant "was telling the truth about this." The

---

[4] The statutory scheme anticipates that the issue of competency may arise during trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.005(d). In such a case, there is a provision for the trial court to make a competency determination after a verdict. *Id.* The statutory framework does not provide a specific procedure to follow if the issue is raised after a defendant is sentenced. *See also* **Morris v. State**, No. PD-0240-07, 2009 Tex. Crim. App. LEXIS 1615, at *25-26 (Tex. Crim. App. Nov. 18, 2009) ("Texas' competency statutes allow competency to be raised, by either party or the judge, at any time before sentence is pronounced.").

examiner allowed that if Appellant had experienced a seizure and or been drinking heavily before the incident, there was a possibility that he might have "amnesia" about the event. On the other hand, the examiner concluded that if there was a history of related behaviors, it was unlikely that "seizures played any role in the alleged offense."

In light of the expert's report, Appellant's claim that he had no recall of the events is difficult to reconcile with the nature of the offenses. According to a police report that was admitted into evidence, Appellant sexually assaulted two young women, one his daughter and the other his stepdaughter, over a period of years. The final assault included Appellant physically assaulting the stepdaughter, cutting a power cord and threatening to shock her, placing a shotgun in her mouth, and finally having sexual intercourse with the young woman. Later that day, he sexually assaulted his daughter before leaving for work. Appellant was arrested that evening at work, but not before he attempted to flee from the police.

At the motion for new trial hearing, Appellant testified that he was presently taking medication—he could not testify as to the kinds or names of medications he was taking—and that he had not been taking medication at the time of his plea. He testified that he had trouble remembering the previous hearing. Despite claiming to be doing better, he said that he "can remember a little bit of stuff that's occurring and what's going on." He testified that he could remember "[n]ot too much of anything" from the plea and sentencing hearing.

There is no evidence Appellant has a mental illness or that he is not competent generally. Instead, he presents a claim that he blacks out for intermittent periods of time and that he is unable to remember later what had occurred. These periods of time include when he was sexually assaulting his daughters and when he was pleading no contest to those charges and being sentenced. The examiner was skeptical of this claim but was unable to conclusively determine whether Appellant was being truthful.

By contrast, the trial court observed Appellant during a period of time that he later claimed to have been unable to remember. The trial court also heard testimony from the probation officer who met with and interviewed Appellant and who sat though the same hearings. Finally, the court saw the letter written by Appellant after he had been sentenced. When faced with conflicting testimony regarding Appellant's mental condition, the trial court, as finder of fact at the hearing, was entitled to assess the credibility of witnesses and believe or

disbelieve any testimony presented. *See*, *e.g.*, **Purchase v. State**, 84 S.W.3d 696, 700 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd).

Appellant's testimony, if believed, presented a scenario where his plea of no contest was made when he was in a "blackout" state and he could not remember the specifics of the plea or sentencing hearings.[5] Assuming that this is evidence that Appellant would not have understood the proceedings or been unable to assist in his defense, the trial court could not have denied Appellant's motions if it believed his testimony. On the other hand, the only evidence that suggests Appellant may have been incompetent is his own testimony. The trial court's ruling is an implicit finding of a lack of confidence in Appellant's credibility as a witness. This assessment is supported by the record and within the court's discretion. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion for new trial. For the same reason, the trial court's denial of Appellant's motion for further examination is supported by the record. Appellant's testimony, in light of all the evidence before the trial court, did not demonstrate that there was evidence to support a finding of incompetence. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] There were actually two plea hearings because the trial court had to correct some of the admonishments given to Appellant before his first plea.

8