NO. 07-11-00505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 4, 2012

_____

GILL R. DELEON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,272; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**MEMORANDUM OPINION**

Appellant Gill R. Deleon appeals from the judgment convicting him of robbery and the resulting enhanced sentence of ninety-nine years of imprisonment. Through one point of error, he contends the trial court erred in failing to withdraw appellant's guilty plea, *sua sponte,* because appellant's testimony reasonably and fairly raised an issue regarding his innocence. We will affirm the judgment of the trial court.

Background

Appellant was charged by indictment with the offense of robbery.[1]  He plead guilty and opted to have a jury determine his punishment.  Appellant also plead true to the two enhancement paragraphs in the indictment. Following the sentencing hearing, the jury assessed punishment at ninety-nine years of imprisonment.

Evidence showed the victim of the robbery, Marquez, was assaulted at a Lubbock bar as its patrons left at closing time.  Witnesses gave varying accounts of the events surrounding the robbery.  Marquez testified he remembered walking to the door to leave the bar, but had no idea who hit him.  During his punishment testimony, appellant said he went to the bar that evening with two women, Gorostiza and Montoya. Marquez sat with their group for a time, and appellant, the two women and Marquez left the bar at the same time.  Another man of appellant's acquaintance, Falcon, was present. Testimony from other witnesses indicated Falcon hit Marquez.  Appellant said he did not see Falcon hit Marquez, but heard Marquez fall to the floor.

Appellant, Gorostiza and Montoya left the bar in appellant's red pickup truck and stopped at a convenience store.  A 9-1-1 call from a bar patron had identified a red pickup in connection with the robbery, and a responding officer quickly saw appellant and the women at the convenience store.  Testimony from officers described the eventual search of Montoya, revealing in her pockets Marquez's credit cards, cell phone and keys along with some cash.  Gorostiza's testimony included statements that, outside the bar, appellant had possession of Marquez's wallet and keys.  Appellant

[1] Tex. Penal Code Ann. § 29.02 (West 2011).

2

acknowledged during his testimony that "you all" took the items, although he denied taking or handling any of Marquez's belongings and denied participating in the assault against him. He told the jury Falcon threw Marquez's wallet and keys into his truck. He admitted lying to police when he was initially detained.

During appellant's testimony, he was questioned concerning the law of parties. As he continued to deny direct involvement in Marquez's assault, and deny handling the items taken from Marquez, appellant responded affirmatively to the prosecutor's question asking if he was pleading guilty because he was a party. Asked why he was a party, appellant responded, "Because I was there."

Analysis

In his sole point of error on appeal, appellant characterizes his punishment testimony as exculpatory, and asserts it affirmatively illustrated his misunderstanding of the law of parties. He argues his testimony showed he had no criminal responsibility for the robbery, and that he was pleading guilty only under the misconception that his presence was sufficient to demonstrate guilt. He asserts the trial court should have *sua sponte* withdrawn his plea of guilty.

Appellant recognizes current law is contrary to his contention on appeal. The right of the defendant in a criminal case to plead not guilty is a "waivable-only" right, a right that "must be implemented by the trial court unless expressly waived." *Mendez v. State,* 138 S.W.3d 334, 343-44 (Tex.Crim.App. 2004) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App. 1993)). Moreover, Texas law permits the defendant to change his plea from guilty to not guilty, if done timely, which in a trial before a jury

3

means at any time before the jury retires to deliberate. *McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Crim.App. 1978); *see Mendez*, 138 S.W.3d at 345 (citing *McWherter*). But in *Mendez*, the Court of Criminal Appeals rejected its prior case law finding such a duty and held that the trial court has no duty to change the defendant's plea of guilty to one of not guilty on the court's own motion when evidence inconsistent with guilt is heard in a jury trial. *Mendez,* 138 S.W.3d at 336. As the court explained, once a defendant makes a valid waiver of his right to plead not guilty, "it is appropriate that the defendant be required to take some affirmative action to don the armor again." *Mendez,* 138 S.W.3d at 350. Thus, when a defendant has knowingly waived his right to plead not guilty and entered a guilty plea, it is his obligation to timely seek withdrawal of his plea, and absent a timely request to withdraw his plea of guilty, he cannot complain on appeal that the trial court failed to do it for him. *Id.*; Tex. R. App. P. 33.1(a).

Appellant contends *Mendez* was wrongly decided, and "makes a good-faith plea that it be reevaluated, reconsidered, and reversed on point." He argues the trial court's duty to withdraw his plea and enter a not-guilty plea for him, *sua sponte*, derives from article 1.15 or article 26.13 of the Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. arts 1.15, 26.13 (West 2012), and should be treated like the trial court's duty properly to admonish defendants with regard to pleas of guilty as set forth in article 26.13. *See Bessey v. State,* 239 S.W.3d 809 (Tex.Crim.App. 2007) (holding defendant's right to be properly admonished is waivable-only right, and defendant could raise for first time on appeal court's failure to admonish him of requirement he register as sex offender).

4

We must decline appellant's invitation to reconsider the Court of Criminal Appeals' decision in *Mendez.* *See Perez v. State,* No. 07-10-0390-CR, 2012 Tex.App. LEXIS 3218, at *3-4 (Tex.App.—Amarillo April 24, 2012, no pet.) (mem. op., not designated for publication) (following *Mendez*); *Purchase v. State*, 84 S.W.3d 696, 701 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd) (intermediate courts of appeals are bound to follow the precedent of the court of criminal appeals).

Because the trial court had no duty to withdraw appellant's plea of guilty on its own motion, and because appellant did not complain or otherwise raise the point in the trial court, his point of error is not preserved for our review. Tex. R. App. P. 33.1(a)(1). Accordingly, we resolve appellant's sole point of error against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

5