# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00013-CR

**Jerry Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-12-214313, HONORABLE MIKE E. DENTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On the Court's own motion, we withdraw the previous opinion and judgment dated February 11, 2015, and substitute the following opinion and judgment in their place.

Appellant Jerry Anderson pleaded nolo contendere to the misdemeanor offense of assault-family violence and was sentenced to 90 days' confinement in the Travis County jail. *See* Tex. Penal Code § 22.01; Tex. Fam. Code § 71.004. On appeal, Anderson asserts that (1) the trial court abused its discretion in denying his motion for new trial, and (2) he received ineffective assistance of counsel. We will affirm the trial court's judgment.

### BACKGROUND

On August 26, 2012, an officer with the Austin Police Department responded to a disturbance call. The officer met with Melissa Patlan, who was Anderson's live-in girlfriend. Patlan

told the officer that Anderson had kicked and punched her. The officer arrested Anderson, who was subsequently charged with assault-family violence.

Trial counsel was appointed to represent Anderson. Anderson entered into a plea bargain with the State in which he agreed to plead nolo contendere in exchange for a sentence of 90 days in jail. The trial court found Anderson guilty and sentenced him in accordance with the plea agreement. Anderson then filed a motion for new trial arguing that his plea was involuntary because he suffered from mental health issues at the time of his plea. After holding a hearing at which Anderson was represented by new counsel, the trial court denied the motion.

## DISCUSSION

### *Motion for new trial*

In his first point of error, Anderson argues that the trial court should have granted his motion for new trial in the interest of justice because Anderson produced credible evidence "that he was experiencing anxiety that led to an inappropriate plea."[1] We review a trial court's denial of a motion for new trial for abuse of discretion. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). We do not substitute our judgment for that of the trial court. *Id.* Instead, we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion in denying a motion for new trial if no reasonable view of the record could support its ruling. *Id.* In addition, we "view the evidence in the light most favorable to the trial judge's ruling and presume

---

[1] As a preliminary matter, the State contends that Anderson has insufficiently briefed this issue and therefore presents nothing for review. We will assume, without deciding, that Anderson's brief is sufficient to bring the issue before us. *See* Tex. R. App. P. 38.1(i).

that all reasonable factual findings that could have been made against the losing party were made against that losing party." *Id.* While a trial court "has discretion to grant or deny a motion for new trial 'in the interest of justice,'" the court "does not have authority to grant a new trial unless the first proceeding was not in accordance with the law." *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). Therefore, a trial court "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'" *Id.*

In this case, the clerk's record reveals that the plea waiver and stipulation form that Anderson signed contains the admonishments required by Texas Code of Criminal Procedure article 26.13(a).[2] In addition, in the judgment of conviction the trial court expressly found that it had "admonished the Defendant as required." "A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). Therefore, Anderson bears the burden of showing "that he did not fully understand the consequences of his plea such that he suffered harm." *Id.*

At the hearing, the only evidence Anderson presented in support of his claim of an involuntary plea was his own testimony. Anderson testified that he had a history of anxiety problems and that he had been seeing a counselor at the Veteran's Administration. Anderson also stated that he was worried that spending time in jail could cause him to lose his apartment, his car, and his job.

---

[2] These admonishments include statements informing Anderson of the consequences of his plea, such as the range of punishment attached to the offense and the fact that the prosecutor's recommendation is not binding on the court. *See* Tex. Code Crim. Proc. art. 26.13(a).

3

However, Anderson and his trial counsel both testified that Anderson was actively involved in the plea negotiations and that he accepted the plea bargain in order to get out of jail as quickly as possible. Moreover, Anderson himself confirmed that his plea was voluntary; when Anderson's attorney asked him at the motion hearing, "Were you feeling like you were under pressure to make a plea?" and, "Did you feel any kind of coercive nature of being there at the court to make a plea?", Anderson answered both questions "No."

The fact that Anderson was motivated by a desire to avoid lengthy incarceration is not a legal ground for granting a new trial. *See Herndon*, 215 S.W.3d at 907 ("[T]he trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law."). Viewing the record in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in denying Anderson's motion for new trial. *See Bell v. State*, 256 S.W.3d 465, 468 (Tex. App.—Waco 2008, no pet.) ("At a hearing on a motion for new trial, a trial court as finder of fact is free to believe or disbelieve the testimony of any witness, even if the testimony is uncontroverted.") (citing *Keeter v. State*, 74 S.W.3d 31, 38 (Tex. Crim. App. 2002)). We overrule Anderson's first point of error.

### Ineffective assistance of counsel

In his second point of error, Anderson argues that he received ineffective assistance of counsel. Specifically, Anderson contends that trial counsel "seems to have failed to ask about treatment for mental illness before the plea was taken" and that "this is probably ineffective assistance of counsel because an inquiry into his mental health might have led to a different outcome at the plea hearing."

When a defendant challenges the voluntariness of a plea on the basis of ineffective assistance of counsel, the voluntariness of his plea depends on (1) whether counsel's advice was within the range of competence demanded and, if not, (2) whether there is a reasonable probability that, but for the ineffective assistance, the defendant would not have pleaded and would have insisted on going to trial. *See Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (establishing test for determining when counsel is ineffective); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standards). Under the first prong, to demonstrate that trial counsel's advice was deficient—and therefore not within the range of competence demanded—the defendant must prove by a preponderance of the evidence that counsel's advice "fell below an objective standard of reasonableness." *Ex parte Ali*, 368 S.W.3d 827, 833 (Tex. App.—Austin 2012, pet. ref'd) (internal quotations omitted). This objective standard is based upon "prevailing professional norms." *Strickland*, 466 U.S. at 688. Our review of counsel's performance must be highly deferential; we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Id.* at 689.

Although a defendant may raise an ineffective-assistance-of-counsel claim for the first time on appeal, *Cannon v. State*, 252 S.W.3d 342, 347 n.6 (Tex. Crim. App. 2008) (citing *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000)); *Blevins v. State*, 18 S.W.3d 266, 270 (Tex. App.—Austin 2000, no pet.) ("[T]he court of criminal appeals has made it clear that a defendant's inaction at trial will not waive the right to make an ineffective-assistance-of-counsel claim on appeal.") (citing *Robinson*), "rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation." *Bone v. State*, 77 S.W.3d

5

828, 833 (Tex. Crim. App. 2002). This is because the record must affirmatively demonstrate ineffective assistance, and, "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

In support of his claim of ineffective assistance of counsel, Anderson's sole evidence is that the plea form that Anderson and his trial counsel signed contains the following statement:

> I have (not) been committed to a mental institution (nor do I) (but I do not) presently have mental or emotional problems, and I believe that I am competent to stand trial and the attorney for the defendant herein acknowledges that counsel believes the defendant is competent and able to assist counsel in the preparation of the defense and that the defendant appears to be sane and competent.

None of the alternatives indicated by parentheses were circled. According to Anderson, this statement's presence on the plea form indicates that "the local judiciary has set a standard of practice that requires questioning a defendant about any treatment for mental illness," and thus trial counsel's failure to "ask that question would fall below the expected standard of practice."

Anderson has not carried his burden to show by a preponderance of the evidence that his trial counsel's assistance fell below an objective standard of reasonableness. Anderson did not raise his claim of ineffective assistance of counsel in his motion for new trial. As a result, Anderson's trial counsel was not afforded an opportunity to explain his actions, and "we will not find him to be deficient unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) (internal quotation marks omitted). Based on the record before us, we conclude that there is no evidence

6

suggesting that counsel had any reason to believe that Anderson was suffering from mental illness. *See Purchase v. State*, 84 S.W.3d 696, 700–01 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (declining "to hold that counsel must *always* ask a defendant about his psychiatric history, even when there are no indicators of possible incompetency"); *see also Barnett v. State*, 344 S.W.3d 6, 17 (Tex. App.—Texarkana 2011, pet. ref'd) ("Counsel is not required . . . to always investigate a defendant's psychiatric history to meet the effective-assistance-of-counsel standard.") (footnote omitted). Because Anderson has not shown that his trial counsel's assistance was deficient, we need not reach the second *Strickland* prong. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). We overrule Anderson's second point of error.

## CONCLUSION

Having overruled both of Anderson's points of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: March 13, 2015

Do Not Publish

7