**Frankie Lee BELL, Jr., Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00380–CR.**

Court of Appeals of Texas,
Waco.

April 30, 2008.

Bruno A. Shimek, Bryan, for appellant.

Bill R. Turner, Brazos County District Attorney, Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Frankie Lee Bell, Jr. pleaded guilty to two counts of aggravated assault with a deadly weapon. The jury made affirmative deadly weapon findings and assessed his punishment at twelve years' imprisonment on both counts. Bell contends in three points that: (1) the court erred by failing to submit deadly weapon special issues which required the jury to answer "true" or "untrue"; (2) he received ineffective assistance of counsel; and (3) his guilty pleas were involuntary because the court failed to admonish him that he would be required to serve one-half of his sentences before he would become eligible for parole. We will affirm.

## Deadly Weapon Special Issues

Bell contends in his first point that the court erred by failing to submit deadly weapon special issues which required the jury to answer "true" or "untrue." Bell's first point is based on the second sentence of article 37.07, section 1(a) of the Code of Criminal Procedure. That statute provides, "The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 1(a) (Vernon Supp.2007).

The second sentence of this statute applies to "special pleas," not special issues. Article 27.05 defines the "only special plea" available to a criminal defendant.

A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution:

(1) resulted in acquittal;

(2) resulted in conviction;

(3) was improperly terminated; or

(4) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution.

*Id.* art. 27.05 (Vernon 2006); *see also id.* art. 27.02(2) (Vernon 2006) (defining defendant's pleadings).

A deadly weapon special *issue* is not the same as a special *plea* of former jeopardy. Because Bell did not file a special plea of former jeopardy in the trial court, the "special plea" provision of article 37.07, section 1(a) does not apply. Accordingly, we overrule Bell's first point.

### Ineffective Assistance of Counsel

Bell contends in his second point that he received ineffective assistance of counsel because counsel: (1) failed to exercise peremptory challenges or challenges for cause against three objectionable members of the venire; and (2) failed to explain to him before his guilty plea that he would be required to serve one-half of his sentences before he would become parole eligible because of the deadly weapon allegations.

We begin with a "strong presumption" that counsel provided reasonably professional assistance, and Henderson bears the burden of overcoming this presumption. *See Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App. 2005). Generally, the appellate record is insufficient to satisfy this burden. *Scheanette v. State,* 144 S.W.3d 503, 510 (Tex.Crim.App.2004). If nothing in the record reveals the reason for the act or omission which is the basis of an ineffective assistance complaint, we may not speculate on that reason. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Jones v. State,* 170 S.W.3d 772, 775 (Tex.App.-Waco 2005, pet. ref'd); *Hajjar v. State,* 176 S.W.3d 554, 567 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd).

Here, Bell raised only the second allegation in his motion for new trial, namely, that counsel had failed to advise him that he would be required to serve one-half of his sentence before becoming parole eligible. At the hearing on Bell's motion for new trial, Bell testified that his attorney had not told him this information. However, Bell's trial counsel disputed this and testified that he told Bell this information on several occasions during the months leading up to his trial.[1]

At a hearing on a motion for new trial, a trial court as finder of fact is free to believe or disbelieve the testimony of any witness, even if the testimony is uncontroverted. *See Keeter v. State,* 74 S.W.3d 31, 38 (Tex.Crim.App.2002); *Purchase v. State,* 84 S.W.3d 696, 700 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). Here, the court was presented with conflicting testimony regarding whether Bell's trial counsel had informed him before his guilty plea that he would have to serve one-half of his sentence before becoming parole eligible. Thus, it was within the court's discretion to believe trial counsel's testimony that Bell had been so informed and to disbelieve Bell's testimony to the contrary. *Id.*

Regarding counsel's failure to exercise peremptory challenges or challenges for cause against three of the venire members, Bell did not raise this issue in his motion for new trial or elicit testimony on the issue in the hearing. Without a record elucidating the reasons for trial counsel's allegedly ineffective acts and omissions during voir dire, Bell has failed to overcome the "strong presumption" that counsel provided reasonably professional assistance. *See Andrews,* 159 S.W.3d at 101; *Jones,* 170 S.W.3d at 776–77; *Hajjar,* 176 S.W.3d at 567.

Accordingly, we overrule Bell's second point.

### Admonishments

Bell contends in his third point that his guilty pleas were involuntary because the trial court failed to admonish him that he would be required to serve one-half of his sentence before becoming parole eligible.

---

1. Before this hearing, the court had appointed other counsel to represent Bell on appeal, and Bell's appellate counsel represented him at this hearing.

A trial court is not required to admonish a defendant of the collateral consequences of his guilty plea, and any failure to so admonish does not render the plea involuntary. *See State v. Jimenez,* 987 S.W.2d 886, 888 (Tex.Crim.App.1999); *see also Anderson v. State,* 182 S.W.3d 914, 917–18 (Tex.Crim.App.2006) (trial court required to admonish defendant "only about those direct consequences that are punitive in nature"). Parole eligibility is a collateral consequence of a defendant's guilty plea. *Ex parte Young,* 644 S.W.2d 3, 4 (Tex.Crim.App.1983), *overruled on other grounds by Ex parte Evans,* 690 S.W.2d 274, 279 (Tex.Crim.App.1985); *Miller v. State,* No. 06–03–00179–CR, 2004 WL 360286, at *1 (Tex.App.-Texarkana Feb. 27, 2004, pet. ref'd) (not designated for publication); *see also Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary"); *Bustos v. White,* 521 F.3d 321, 325 (4th Cir.2008) ("the majority of circuits deciding the issue have concluded that parole ineligibility is only a collateral consequence").

Because parole eligibility is a collateral consequence, the trial court had no constitutional duty to admonish Bell regarding his eligibility for parole, and the court's failure to do so did not render Bell's plea involuntary. *Papke v. State,* 982 S.W.2d 464, 467 (Tex.App.-Austin 1998, pet. ref'd, untimely filed); *see also Miller,* 2004 WL 360286, at *1. Therefore, we overrule Bell's third point.

We affirm the judgment.