# NO. 12-12-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL DEWAYNE COLBERT,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Samuel Dewayne Colbert appeals his conviction for possession of methamphetamine with intent to deliver, for which he was sentenced to imprisonment for sixty years. In one issue, Appellant argues that the trial court abused its discretion in overruling his motion for new trial based on ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of methamphetamine with intent to deliver. After Appellant refused multiple plea bargain offers made by the State, the matter proceeded to a jury trial. Prior to jury selection, Appellant agreed to enter an open plea of "guilty" in exchange for the State's not pursuing an enhancement allegation of a previous conviction.

After Appellant pleaded "guilty," the trial court sought to conduct a trial on punishment. However, Appellant absconded. Following Appellant's apprehension, the matter proceeded to a trial on punishment. At the conclusion of the trial on punishment, the trial court sentenced Appellant to imprisonment for sixty years.

Appellant filed a motion for new trial alleging that his "guilty" plea was involuntary because

he made it in reliance on his trial counsel's representation to him that he would likely receive a lesser sentence than what he ultimately received. On March 23, 2012, the trial court conducted a hearing on Appellant's motion.

At the hearing, Appellant testified in support of his motion that his trial counsel told him that, more than likely, he would receive a sentence of imprisonment in "the low teens" up to twenty years. Appellant acknowledged that his trial counsel explained to him that he would be subject to the full range of punishment. Appellant's trial counsel testified that he explained to Appellant on at least three occasions that he would be subject to the full range of punishment. Appellant's trial counsel emphatically denied that he made any representations to Appellant concerning what his sentence would be or what, in all likelihood, it would be. Further, Appellant's trial counsel made reference to a sign displayed in his office that states, "I am responsible for what I say, not what you hear." At the conclusion of the hearing, the trial court overruled Appellant's motion for new trial. This appeal followed.

## MOTION FOR NEW TRIAL

In his sole issue, Appellant argues that the trial court abused its discretion in overruling his motion for new trial.

### Standard of Review and Governing Law

The granting or denying of a motion for new trial lies within the sound discretion of the trial court. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). We reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* at 695 n.4. We may not substitute our judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Id.* At a hearing on a motion for new trial, a trial court as finder of fact is free to believe or disbelieve the testimony of any witness, even if the testimony is uncontroverted. *Bell v. State*, 256 S.W.3d 465, 468 (Tex. App.– Waco 2008, no pet.).

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland,* 466 U.S.

at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland,* 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State,* 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

## Attorney's Discussing Potential Punishment with Client

Trial counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *See Ex parte Moussazadeh*, 361 S.W.3d 684, 698 (Tex. Crim. App. 2012). When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Here, Appellant argues that his trial counsel was ineffective because, despite the fact that he explained to him that he would be subject to the full range of punishment, he led Appellant to believe that he would likely be sentenced to imprisonment for between ten and twenty years.

In *Leal v. State*, No. 02-02-00139-CR, 2003 WL 21197302 (Tex. App.–Fort Worth 2003, pet. ref'd) (mem. op., not designated for publication), the appellant argued that his guilty plea was involuntary because his trial counsel guaranteed him that he would receive community supervision if he pleaded guilty. *See id.* 2003 WL 21197302, at *3. At the evidentiary hearing on the appellant's motion for new trial, several witnesses testified in support of his argument, including his future mother-in-law, who testified that she heard the appellant's trial counsel tell him that he would probably receive community supervision. *See id.* The appellant's trial counsel testified that he never promised the appellant that if he pleaded "guilty," he would receive community supervision.

3

But he further testified that "based on his past experiences with sexual assault cases, with the physical evidence against [the] appellant, and with the trial judge's history in these types of cases, he thought [the] appellant would likely get a long prison term if [he] went before a jury." *Id.* Further still, he testified that he fully explained the appellant's options of going before a judge or jury and the full range of punishment to which he would be subjected. *Id.* The court concluded that the appellant's trial counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.*

In the instant case, at the hearing on Appellant's motion for new trial, Appellant testified that his trial counsel told him that, more than likely, he would receive a sentence of imprisonment in "the low teens" up to twenty years. Appellant acknowledged that his trial counsel explained to him that he would be subject to the full range of punishment. Appellant's trial counsel testified that he explained to Appellant on at least three occasions that he would be subject to the full range of punishment. Appellant's trial counsel emphatically denied that he made any representations to Appellant concerning what his sentence would be or what, in all likelihood, it would be.

In *Leal*, the trial counsel's advice, which apparently included a statement that the appellant might receive a longer sentence if he elected to have a jury determine his punishment, was held to be within the range of competence demanded of attorneys in criminal cases. In the instant case, Appellant's trial counsel denied that he made any predictions to Appellant concerning the likelihood of what his sentence would be. But even assuming arguendo that an attorney's explaining to a client the possibility, based on his past experience with similar cases and considering other relevant factors, that his sentence might fall within a certain range of punishment amounts to ineffective assistance, the outcome in the instant case would not differ.

We are mindful that, when considering the trial court's denial of a motion for new trial, we may not substitute our judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. *See Gonzalez*, 855 S.W.2d at 696. Moreover, we must defer to the trial court in assessing witnesses' credibility in a motion for new trial. *See Bell*, 256 S.W.3d at 468; *see also Camilo v. State*, No. 06-08-00164-CR, 2009 WL 348564, at *1 n.3 (Tex. App.—Texarkana Feb. 13, 2009, no pet.) (mem. op., not designated for publication). Here, in evaluating Appellant's and his trial counsel's respective testimonies, the trial court was entitled to find more credible Appellant's trial counsel's emphatic denial of making any representations to

4

Appellant concerning the likelihood that the sentence he would receive would fall within a certain range.   Furthermore, the evidence was uncontroverted that Appellant's trial counsel advised him that he was subject to the full range of punishment.   Accordingly, we conclude that the trial court could have reasonably concluded, based on the evidence before it, that Appellant's trial counsel's advice was within the range of competence demanded of attorneys in criminal cases.  *See Moody*, 991 S.W.2d 856, 857–58; *see also Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065.   Therefore, we hold that the trial court did not abuse its discretion in overruling Appellant's motion for new trial.

Appellant's sole issue is overruled.

## DISPOSITION

The judgment of the trial court is *affirmed*.

### BRIAN HOYLE
Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00144-CR**

**SAMUEL DEWAYNE COLBERT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. A-18,362)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6