

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00122-CR

**OTIS DWAYNE KIRVEN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-1545-C1**

## MEMORANDUM  OPINION

Appellant Otis Dwayne Kirven was charged in a four-count indictment for aggravated assault, failure to stop and render aid, abandoning a child, and endangering a child.  The indictment also contained an enhancement allegation.  Kirven pleaded guilty to the offenses of aggravated assault and failure to stop and render aid and pleaded true to the enhancement allegation.  In exchange, the State abandoned the charges for abandoning a child and endangering a child.  Thereafter, a jury assessed Kirven's punishment at thirty-five years' imprisonment for the aggravated-assault conviction and

twenty years' imprisonment for the failure-to-stop-and-render-aid conviction, to be served concurrently. This is the appeal of his aggravated-assault conviction. We affirm.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Kirven's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has informed this Court that he has provided Kirven a copy of the motion to withdraw, the accompanying *Anders* brief, and the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Kirven has filed a pro se response that cites to the record.

Kirven asserts in his pro se response that he was denied effective assistance of trial counsel. To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, the appellant must prove by a preponderance of the evidence

that (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101. Absent both showings, an appellate court cannot conclude that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In this case, Kirven filed a motion for new trial, stating as follows:

> 1. On March 26, 2014, Mr. Kirven was convicted of the offense of aggravated assault and sentenced to 35 years confinement in the Texas Department of Criminal Justice, Institutional Division. No fine was imposed.

> 2. Defendant contends that he received ineffective assistance of counsel in that he was not fully advised of the facts of the case at a point in time when he could have made an informed and intelligent decision regarding the proposed 12 year plea offer by the State.

> 3. Defendant contends that he received ineffective assistance of counsel in that he was not told that there was a deadline on his acceptance of the proposed 12 year plea offer by the State.

> 4. Defendant contends that he received ineffective assistance of counsel in that witnesses were subpoenaed late for trial and were not interviewed prior to, nor prepared for, their trial testimony.

> 5. Defendant contends that he received ineffective assistance of counsel in that mitigating evidence regarding the job that he obtained after he was released from jail on bond was not presented at the trial.

The trial court held a hearing on the motion for new trial. The only evidence presented to prove ineffective assistance was Kirven's testimony. Kirven's trial counsel also testified and disputed Kirven's allegations.

At a hearing on a motion for new trial, a trial court as finder of fact is free to believe

or disbelieve the testimony of any witness, even if the testimony is uncontroverted. *Bell v. State*, 256 S.W.3d 465, 468 (Tex. App.—Waco 2008, no pet.). Here, the trial court was presented with conflicting testimony regarding the allegations in the motion for new trial. Thus, it was within the court's discretion to believe Kirven's trial counsel's testimony and to disbelieve Kirven's testimony to the contrary. *See id.*

In addition to complaining that he was denied effective assistance based on several of the allegations in his motion for new trial, Kirven also contends in his response that he was denied effective assistance of counsel because his trial counsel failed to object to certain evidence presented at the punishment hearing, trial counsel did not impeach or cross-examine certain witnesses, which showed that trial counsel was unprepared for the punishment hearing, and trial counsel failed to object to the improper statements that the prosecutor made during closing arguments. To overcome the strong presumption that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)). The record is silent in this case as to trial counsel's reasons for these actions and decisions. To conclude that trial counsel was ineffective would therefore call for speculation, which we will not do. *See Jackson*, 877

S.W.2d at 771; *Gamble*, 916 S.W.2d at 93. Kirven's complaints about ineffective assistance of counsel are therefore not arguable grounds to advance in this appeal.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the trial court's judgment convicting Kirven of aggravated assault is affirmed.

In accordance with *Anders*, Kirven's attorney has asked this Court for permission to withdraw as counsel for Kirven. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Kirven and to advise him of his right to file a

petition for discretionary review.[1]  *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 17, 2015
Do not publish
[CRPM]



---

[1] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.